IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. |
| ) | 05-00262-01-CR-W-NKL |
| GERALD WOODS, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION
TO ACCEPT DEFENDANT'S GUILTY PLEA**

On November 28, 2005, I held a change-of-plea hearing after this case was referred to me by United States District Judge Nanette Laughrey. I find that defendant's plea was voluntary and therefore recommend that it be accepted.

*I.     BACKGROUND*

On July 19, 2005, an indictment was returned charging defendant with one count of conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846, one count of carrying a firearm in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c), and one count of criminal forfeiture, pursuant to 21 U.S.C. § 853. Judge Laughrey referred this case to me for conducting a change-of-plea hearing and issuing a report and recommendation on whether to accept the plea. The hearing was held on November 28, 2005. Defendant was present,

represented by John Osgood. The government was represented by Assistant United States Attorney Jane Brown. The proceedings were recorded and a transcript of the hearing was filed on November 29, 2005.

## II.    AUTHORITY OF THE COURT

The authority of federal magistrate judges to conduct proceedings is created and defined by the Magistrates Act, 28 U.S.C. § 636. Besides certain enumerated duties, the Act provides that a "magistrate may be assigned such additional duties as are not inconsistent with the Constitution and the laws of the United States." 28 U.S.C. § 636(b)(3).

The Eighth Circuit, following the reasoning of several other circuits, has held that magistrate judges may preside over allocutions and pleas in felony cases, so long as certain procedural safeguards are met. United States v. Torres, 258 F.3d 791, 795-96 (8th Cir. 2001); see also United States v. Dees, 125 F.3d 261 (5th Cir. 1997), United States v. Williams, 23 F.3d 629 (2d Cir. 1994). The reasoning applied by the appellate courts relies upon previous opinions by the United States Supreme Court that conducting jury *voir dire* falls within a magistrate judge's "additional duties" when the defendant has consented. United States v. Torres, 258 F.3d at 795 (citing Peretz v. United States, 501 U.S. 923 (1991), Gomez v. United States, 490 U.S. 858 (1989)).

In Peretz, the Supreme Court held that when a defendant consents to a magistrate judge's involvement in *voir dire*, he waives any objection based on his right to have an Article III judge hear his felony case. 501 U.S. at 936. Moreover, the availability of *de novo* review by a district judge preserves the structural guarantees of Article III. United States v. Torres, 258 F.3d at 795. Applying the Peretz holding and the reasoning of Williams, the Eighth Circuit held that the acceptance of guilty pleas bears adequate relationship to duties already assigned by the Magistrates Act in that "[a]n allocution is an ordinary garden variety type of ministerial function that magistrate judges commonly perform on a regular basis." Id. Plea allocutions are substantially similar to evidentiary proceedings explicitly assigned by the Act. Id. at 796 (citing United States v. Dees, 125 F.3d at 265). Even if taking a guilty plea were considered to be of greater importance than those duties already assigned, the consent of the defendant saves the delegation. Id. "Consent is the key." Id. (quoting United States v. Williams, 23 F.3d at 633).

The Torres court also addressed the implications of such a delegation for Article III's case and controversy clause. Id. Because plea proceedings are submitted to the district court for approval, the court retains ultimate control over the proceedings and is not bound to accept

3

a plea taken by a magistrate judge. Id. Moreover, the district court's *de novo* review of the plea proceedings contributes to the ministerial nature of the magistrate judge's role. Id.

Based on the above, I find that, with the consent of the defendant, the district court may properly refer a felony case to a Magistrate Judge for conducting a change-of-plea hearing and issuing a report and recommendation on whether the plea should be accepted.

### III. FINDINGS OF FACT

1. On July 19, 2005, an indictment was returned charging defendant with a violation of 21 U.S.C. § 846 by conspiring to distribute cocaine; with a violation of 18 U.S.C. § 924(c) by carrying a firearm in relation to a drug trafficking offense; and with criminal forfeiture pursuant to 21 U.S.C. § 853 (Tr. at 4-5).

2. The statutory penalty for count one is not more than 20 years in prison, not more than $1 million fine, not less than 3 years supervised release, and a $100 special assessment (Tr. at 5-6). The statutory penalty for count two is not less than 5 years and not more than life in prison, a fine of not more than $250,000, not less than 5 years supervised release, and a $100 special assessment (Tr. at 6). In

the forfeiture count, the government is seeking forfeiture of $2,079 (Tr. at 6).

    3.    Defendant was advised of the following:

    a.    That he has a right to a trial by jury of at least 12 individuals and that their verdict must be unanimous (Tr. at 7);

    b.    That he has the right to assistance of counsel throughout the trial (Tr. at 7);

    c.    That defendant is presumed innocent, and the government has the burden of coming forward to prove defendant's guilt beyond a reasonable doubt (Tr. at 8);

    d.    That defendant's attorney would have the opportunity to cross examine the government witnesses (Tr. at 8-9);

    e.    That defendant would have an opportunity to subpoena witnesses to testify on his behalf (Tr. at 9);

    f.    That defendant would have an opportunity to testify on his own behalf, but that he would not be required to and the jury would be instructed that they could not draw an adverse inference if he chose not to testify (Tr. at 9-10);

and

    g.    That defendant would have an opportunity to appeal any conviction to the Eighth Circuit Court of Appeals (Tr. at 10-11).

4.    Defendant was informed and understood that by pleading guilty, he is giving up all of the rights described above (Tr. at 11).

5.    Defendant was informed that during the change-of-plea proceeding, he would be placed under oath and questioned by counsel and the judge (Tr. at 11). Defendant was further informed that he must answer questions truthfully while under oath (Tr. at 12). Defendant stated that he understood (Tr. at 12).

6.    Defense counsel had full access to the government's file and agreed that his review of the evidence and his independent investigation confirmed that the facts were as alleged by the government and that it is in the defendant's best interest to plead guilty (Tr. at 12, 14-15).

7.    The government made the following factual basis for the plea to count one: Surveillance was conducted on the defendant for about one year, from July 13, 2003, to July 13, 2004. On July 13, 2004, detective observed defendant conduct a narcotics transaction with another individual. After that was observed, defendant's vehicle was

6

Case 4:05-cr-00262-HFS   Document 32   Filed 12/01/05   Page 6 of 11

stopped for a traffic violation. When he was asked to exit the vehicle during the traffic stop, defendant fled in his car. While fleeing, he was involved in a traffic accident and injured himself and another individual. After the accident took place, defendant was transported to the hospital. The officers secured the scene and recovered approximately 462 grams of powder cocaine and approximately 8 grams of crack cocaine from the vehicle. there was also an Interarms semi-automatic handgun. In defendant's pockets, officers recovered $2,079 in U.S. currency. Police went to the hospital to interview defendant who admitted to buying and selling powder and crack cocaine. He also admitted that he normally purchased powder cocaine in kilogram quantities and that he manufactured crack cocaine which he resold. He purchased the cocaine that was recovered from his car. He normally paid his source $20,000 for a kilogram, but on July 13 his source only had half a kilogram. Defendant gave him the entire $20,000 with the understanding that he would receive the remainder at a future date. Defendant also admitted that the firearm found in the vehicle belonged to him and that he kept it in the console of the car for protection. He admitted that the $2,079 recovered was proceeds from his conspiracy to possess and distribute cocaine. The firearm was manufactured outside the State of Missouri.

The chemists have confirmed the presence of cocaine and the amount of the cocaine (Tr. at 12-14).

8. Defendant was placed under oath (Tr. at 14) and admitted the following:

Between July 13, 2003, and July 13, 2004, he and others were involved in the distribution of cocaine in Kansas City. At the time he did it, he knew it was against the law. He did it intentionally to make money. During the July 13, 2004, traffic stop, defendant had an Interarms semi-automatic .99 handgun. Defendant intentionally possessed the gun to protect himself and his drug business. The $2,079 cash that was seized was the proceeds from the purchase and sale of cocaine (Tr. at 16-18).

9. Defendant is familiar with the plea agreement, discussed it with his attorney, and understands it (Tr. at 18-25).

10. No one has made any threats or promises in order to get defendant to plead guilty (Tr. at 25).

11. Defendant is satisfied with the advice and guidance he has received from Mr. Poindexter (Tr. at 25-26).

12. Defendant is 35 years of age (Tr. at 26). He went to school through the tenth grade (Tr. at 26). Defendant has no mental health or

8

substance abuse issues (Tr. at 26). Defendant was not under the influence of any drug or alcohol during the change-of-plea hearing (Tr. at 26).

13. Defendant tendered a plea of guilty to the crimes charged in counts one and two of this indictment, and he admitted the right to forfeiture in count three (Tr. at 27).

## IV. *ELEMENTS OF THE CHARGED OFFENSE*

The elements necessary to sustain a conviction for conspiracy to distribute cocaine are: (1) there was an agreement to distribute cocaine, (2) defendant knew of the agreement; and (3) defendant knowingly participated in the conspiracy. United States v. Morreno, 373 F.3d 905, 911 (8th Cir. 2004); United States v. Francis, 367 F.3d 805, 819 (8th Cir. 2004).

The elements necessary to sustain a conviction for carrying a firearm in relation to a drug trafficking offense are: (1) the defendant committed the crime of conspiracy to distribute cocaine, and (2) during and in relation to the commission of that crime, the defendant knowingly carried a firearm. Eighth Circuit Model Criminal Jury Instruction 6.18.924C.

9

Property is subject to forfeiture if the government proves, by a preponderance of the evidence that: (1) the property constituted or was derived from any proceeds the defendant obtained, directly or indirectly, as a result of the offenses of which he has been found guilty, or (2) the property was used or was intended to be used, in any manner or part, to commit or to facilitate the commission of an offense of which the defendant has been found guilty. <u>Eighth Circuit Model Criminal Jury Instruction 6.21.853</u>.

## V. CONCLUSION

Based on the above, I make the following conclusions:

1. The district court may lawfully refer this case to a Magistrate Judge for issuance of a report and recommendation on whether defendant's guilty plea should be accepted.

2. Defendant knowingly and voluntarily pleaded guilty to conduct establishing every element of the crimes charged in counts one and two of this indictment and admitted the necessary elements of count three.

Therefore, it is

RECOMMENDED that the court, after making an independent review of the record and the applicable law, enter an order accepting

10

defendant's guilty plea and adjudging defendant guilty of the offenses charged in this indictment.

                                                            /s/ Robert E. Larsen
                                                          ROBERT E. LARSEN
                                                          United States Magistrate Judge

Kansas City, Missouri
November 29, 2005